IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILIP MORRIS USA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No._____ |
| | ) | |
| TABOCA AS, | ) | |
| TABOCA USA INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), by its undersigned attorneys, brings this declaratory judgment action against Defendants Taboca AS and Taboca USA Inc. ("Defendants"), and alleges as follows:

## NATURE OF THE CASE

1.      This is a civil action for a declaratory judgment that Defendants' imminent use of the mark TABOCA would infringe Philip Morris USA's prior rights in the mark TABOKA under federal, state, and common law.  Philip Morris USA brings this action because the imminent launch of Defendants' tobacco products in the United States market under the confusingly similar mark TABOCA creates a substantial controversy between the parties appropriate for judicial resolution.

## THE PARTIES

2.      Philip Morris USA is a Virginia corporation with a principal place of business at 6601 West Broad Street, Richmond, Virginia 23230.

3.     Defendant Taboca AS is a Norwegian limited liability company with a principal place of business at Bygdoy Alle 17, 0262 Oslo, Norway.

4.     Defendant Taboca USA Inc. is a Delaware corporation with a registered agent address at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

5.     This case for declaratory judgment presents an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  In addition, this court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a).  On information and belief, the amount of the controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

6.     Venue is appropriate in this judicial district because Defendant Taboca USA Inc. is incorporated in the State of Delaware, and upon information and belief, Defendants plan to sell their tobacco products under the infringing TABOCA mark in this district.  In addition, Defendant Taboca AS is an alien and may be sued in any district pursuant to 28 U.S.C. § 1391(d).

## FACTUAL BACKGROUND UNDERLYING CLAIMS

7.     On May 5, 2005, Philip Morris USA filed an intent-to-use application (Serial No. 78/623680) to register the mark TABOKA for:

> tobacco, raw or manufactured, including cigars, cigarettes, cigarillos, tobacco for roll your own cigarettes, pipe tobacco, chewing tobacco, snuff tobacco, tobacco substitutes not for medical purposes; smokers' articles, namely cigarette paper and tubes, cigarette filters, tobacco tins, cigarette cases and ashtrays not of precious metals, their alloys or coated therewith; smoking pipes, pocket apparatus for rolling cigarettes, lighters not of precious metals, and matches in International Class 34.

8.    Under the Lanham Act, the filing of Philip Morris USA's application establishes constructive use of the mark as of May 5, 2005, and gives Philip Morris USA nationwide priority as of that date. 15 U.S.C. 1057(c).

9.    The United States Patent and Trademark Office ("PTO") approved Philip Morris USA's application for TABOKA on May 4, 2006, and on June 27, 2006, the application was published for opposition.

10.   Upon information and belief, prior to Philip Morris USA's May 5, 2005 constructive use date, Defendants Taboca AS and Taboca USA Inc. undertook no activities in the United States that would give rise to protectable trademark rights in the TABOCA mark.

11.   Upon information and belief, Defendants do not currently have available any product under the TABOCA mark in the United States for the general public. In contrast, Philip Morris USA began selling its TABOKA smokeless tobacco products in the United States in July 2006.

## AN ACTUAL CASE AND CONTROVERSY EXISTS BETWEEN THE PARTIES

12.   Despite the fact that Defendants have never manufactured or sold tobacco products under the TABOCA mark in the United States, on August 28, 2006 Defendant Taboca AS filed a Notice of Opposition with the Trademark Trial and Appeal Board (the "Board") against Philip Morris USA's Application Serial No. 78/623,680 for TABOKA, asserting prior common law rights in TABOCA through various alleged "pre-sales" activities.

13.   On February 7, 2007, Philip Morris USA filed a motion for summary judgment with the Board on the ground that Defendants could not establish, as a matter of law, priority of use in the term TABOCA before the May 5, 2005 filing date of Philip Morris USA's application to register the TABOKA mark. The Board granted the motion on December 18, 2007, and the

opposition proceeding was dismissed with prejudice. In particular, the Board concluded that Taboca AS's alleged prefiling activities, such as confidential meetings and confidential agreements, were not calculated to come to the attention of the public. Accordingly, the Board held that Taboca AS had failed to establish use of TABOCA as a trade name before Philip Morris USA's priority date.

14.    Subsequent to Philip Morris USA's priority filing date of May 5, 2005, Defendants have taken a number of steps to launch smokeless tobacco products under the confusingly similar mark TABOCA in the United States, including the following:

a)    In January 2006, Taboca AS entered into negotiations with R.J. Reynolds Tobacco Company ("R.J. Reynolds") to discuss a potential joint venture relating to smokeless tobacco.

b)    The negotiations with R.J. Reynolds resulted in the execution of a Strategic Relationship Agreement on June 9, 2006, which calls for R.J. Reynolds to provide distribution and manufacturing services for Taboca AS's smokeless tobacco products in the United States.

c)    A July 12, 2006 press release announcing the Strategic Relationship Agreement between Taboca AS and R.J. Reynolds stated that Taboca AS intended to begin offering a smokeless tobacco product in the United States under the TABOCA name within the next 12 months (i.e., by July 2007). A copy of this press release is attached as Exhibit A.

d)    On November 20, 2006, Taboca AS hired Richard Cutler, a U.S. citizen, to serve as Executive Vice President. According to a press release issued that day by Taboca AS, Cutler "will be responsible for creating a foundation for the

4

successful launch and continued development of Taboca's smokeless tobacco business in North America." A copy of this press release is attached as Exhibit B.

e)    On April 25, 2007, Taboca AS incorporated a U.S. subsidiary under the name "Taboca USA Inc." in the State of Delaware.

f)    On May 16, 2007, Taboca USA, Inc. filed five trademark applications with the PTO for various marks in connection with smokeless tobacco.

g)    Upon information and belief, Defendants are actively engaged in completing the development of smokeless tobacco products eventually for sale in the United States under the TABOCA name through the agreement with R. J. Reynolds, which is referenced in Exhibit A.

15.    On September 20, 2007, Taboca AS filed an application with the PTO to register the mark TABOCA based on a foreign application. Philip Morris USA submitted a Letter of Protest to this application on October 18, 2007, explaining that the application should not go forward pending the disposition of the Board proceeding.

16.    Defendants' actions indicate that launch of the TABOCA product in the United States is imminent.

## DEFENDANT'S WRONGFUL ACTS

17.    Despite Philip Morris USA's prior rights in the TABOKA mark, as confirmed by the Board, Defendants have forged ahead with plans to launch the *identical* product (smokeless tobacco) under the nearly identical mark (TABOCA).

18.    Defendants' alleged activities prior to May 5, 2005, consisting of meetings with consultants and general discussions of possible joint ventures, are legally insufficient to give rise to any protectable rights in the TABOCA mark. Nonetheless, Taboca AS has purported to rely

on its alleged common law rights in the TABOCA mark prior to May 5, 2005 and brought a baseless trademark opposition proceeding against Philip Morris USA, which recently was dismissed with prejudice.

19.     Defendants are not now, nor have they ever been, authorized or licensed to use the TABOCA mark.

## INJURY TO PLAINTIFF AND THE PUBLIC

20.     The imminent launch of Defendants' smokeless tobacco products in the United States market under the confusingly similar mark TABOCA has created a reasonable apprehension of imminent harm.

21.     Defendants' imminent use of a mark which is virtually identical to Philip Morris USA's TABOKA mark in connection with identical products is likely to cause consumers to be confused and deceived into believing that a connection, affiliation, sponsorship, or association exists between Philip Morris USA and Defendants.

22.     Defendants' imminent use of a mark which is virtually identical to Philip Morris USA's TABOKA mark in connection with identical products threatens to misappropriate the goodwill associated with Philip Morris USA's TABOKA mark.

23.     Defendants' wrongful acts will cause Philip Morris USA actual damages in an amount to be determined.

24.     Defendants' wrongful acts threaten to irreparably injure Philip Morris USA.

25.     Defendants' wrongful acts threaten to irreparably injure the public, which has an interest in being free from confusion, mistake, and deception.

26.     Philip Morris USA has no adequate remedy at law.

27.     As a result of Defendants' actions, there is an actual controversy between Philip Morris USA and Defendants. Defendants' actions set forth above have created for Philip Morris USA a reasonable apprehension of imminent harm, and have in fact already resulted in legal action which Defendant Taboca AS initiated against Philip Morris USA. A judicial determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and obligations.

28.     Philip Morris USA is entitled to judgment declaring that use of the TABOCA mark by Defendants would infringe Philip Morris USA's trademark rights under federal, state, and common law.

29.     Philip Morris USA is entitled to judgment declaring that Philip Morris USA has prior rights in the TABOKA mark vis-à-vis any rights Defendants claim to have in the name or mark TABOCA.

## REQUESTED RELIEF

**WHEREFORE,** Philip Morris USA respectfully requests the following relief:

A.     A declaratory judgment that use of the TABOCA name or mark by Defendants would infringe Philip Morris USA's trademark rights under federal, state, and common law.

B.     A declaratory judgment that Philip Morris USA has prior rights in the TABOKA name or mark vis-à-vis any rights Defendants may claim to have in the mark TABOCA.

C.     An injunction permanently enjoining Defendants from using the TABOCA name and mark in the United States in connection with tobacco products.

D.     An order awarding Philip Morris USA its reasonable costs, disbursements and attorneys fees to the extent permitted by law.

E.     Such other relief as this Court may deem appropriate.


                                    ASHBY & GEDDES


                                    _Steven J. Balick_
                                    _____
                                    Steven J. Balick (I.D. #2114)
                                    John G. Day (I.D. #2403)
                                    Tiffany Geyer Lydon (I.D. #3950)
                                    500 Delaware Avenue, 8th Floor
                                    P. O. Box 1150
                                    Wilmington, Delaware  19899
                                    (302) 654-1888
                                    sbalick@ashby-geddes.com
                                    jday@ashby-geddes.com
                                    tlydon@ashby-geddes.com

                                    *Counsel for Plaintiff*
                                    PHILIP MORRIS USA INC.

*Of Counsel:*

Christopher P. Foley
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-3315
(571) 203-2700

Roberta L. Horton
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5161

Dated:  January 14, 2008
187288.1

**PHILIP MORRIS USA INC. V. TABOCA AS, ET AL.**

DECLARATORY JUDGMENT COMPLAINT

# EXHIBIT A



## US-Norwegian cooperation
## Taboca becomes a global player in the snus market

### R.J. Reynolds signs strategic relationship agreement with Taboca AS

**OSLO, NORWAY (July 12, 2006): R.J. Reynolds Tobacco Company, the second largest manufacturer of cigarettes in the United States, and Taboca AS, a Norwegian company engaged in the manufacturing and marketing of Swedish snus, have signed a strategic relationship agreement. Terms of the agreement were not made public.**

"We are pleased to partner with R.J. Reynolds as this agreement clearly validates Taboca as a world-class manufacturer of premium snus products", says Darren Quinn, CEO of Taboca.

Taboca expects the emerging 'luxury' snus segment within Scandinavia to be 10 -15% of the entire snus market within the next five years. "Our snus products will become the 'luxury' segment leader and will achieve a 50% market share within the segment by 2010", says Darren Quinn.

Taboca has the sole right to use the world famous cigar brands Montecristo and Romeo y Julieta in their snus products. Taboca believes that their brands will be associated with quality and will attract snus consumers looking for an exclusive alternative. The brands are currently in test market in Stockholm, Gothenburg, Malmo and Uppsala, Sweden.

"We use the finest hand-selected tobaccos in the world. Our snus will definitely be perceived differently from that of Swedish Match", says Darren Quinn.

The U.S. smokeless tobacco market is roughly five times the size of the Swedish snus market. "Swedish styled snus is now beginning to gain recognition among U.S. consumers. We will enter this emerging segment by launching our own snus brands in the U.S. within the next 12 months," adds Quinn.

Taboca AS, headquartered in Oslo, is a marketer of premium snus products. Manufacturing and product development is administered by its wholly owned subsidiary, Nordic Snus Manufacturing AB, located in Gotland, Sweden. The company intends to list on the Stockholmsbörsen (the Swedish stock exchange) within 18 months.

R.J. Reynolds Tobacco Company, an indirect subsidiary of Reynolds American Inc. (NYSE: RAI), is the second-largest tobacco company in the United States, manufacturing about one of every three cigarettes sold in the U.S. The company's brands include five of the 10 best-selling U.S. cigarette brands: Camel, Kool, Winston, Salem and Doral.

**For more information please visit our website at: www.taboca-as.com**

Henning Hesjedal, Media Relations:  +47 41 67 66 61

**PHILIP MORRIS USA INC. V. TABOCA AS, ET AL.**

DECLARATORY JUDGMENT COMPLAINT

# EXHIBIT B



· **Ads by Google**    Executive Producer      Senior VP        Executive Vice        Decorating        Broadcast Operations

**InterestAlert**

Printer friendly format

Send this page to a friend

Ads by Google

**Christmas Sale Clearance**
Free Shipping & Up to 80% on all Christmas gifts & decorations!
www.SmartBargains.com

**Home Design Help & Advice**
Ask questions, get advice and tips from design experts and decorators.
DesignTalk.HomeVisions.com

**World of Decor**
Beautify your home and garden Great for Gift Giving
www.therestingstone.com

**Christmas decorating**
Articles and Free Tips for home & garden projects.
HomeGarden.Move.com

**Christmas Decorating**
Looking for Christmas decorating? See our Christmas decorating guide.
Christmas-Decorating.info

Advertise on this site

• Last Minute Gifts
• Old-Fashioned Christmas
• Make Your House Stand Out
• Warm Up Winter Decor
• Bright Your Bath
• Easy Hang Wallpapers
• Autumn Inspiration
• Give Kids the World
• Interior Design
• Teen Room Redesign
• Home Sanctuary
• Baby Room Styling
           More Home Decorating...

Holiday Ideas
  Holiday Ideas

**Top News**
  Front Page
  Late Breaking
  National
  World News
  Business
  Opinions
  Politics
  High Tech
  Health
  Sports
  California News
  Entertainment
**Women's News**
  Women in the News
  Women in Sport
  Women in Politics
**Politics**
  Democrats
  Republicans
**Sport**
  Baseball
  Basketball
  Boxing
  Cricket
  Football
  Golf
  Hockey
  Olympics
  Other Sports
  Racing
  Rugby
  Soccer
  Tennis
  Track & field
**Industry News**
  Advertising
  Aerospace & Defense
  Agriculture
  Auto
  Aviation
  Banking & Finance
  Chemical
  Computer & Electronics
  Construction
  Education
  Entertainment
  Environment
  Food & Beverage
  Gambling
  Healthcare
  Household
  Insurance
  Internet
  Leisure
  Machinery
  Maritime
  Medical
  Mining
  Oil & Energy
  Paper
  Publishing
  Real Estate
  Restaurants
  Retail
  Telecom
  Textile

## Taboca A/S Names Richard C. Cutler Executive Vice President, Business Development

OSLO, Norway, Nov. 20 /PRNewswire/ -- Taboca A/S today announced that Richard C. Cutler has joined the company as executive vice president, business development.

Taboca A/S, headquartered in Oslo, is a marketer of premium snus tobacco products.

Cutler will be responsible for creating a foundation for the successful launch and continued development of Taboca's smokeless tobacco business in North America.

"We are delighted to have Rich join our executive management team at Taboca," said CEO Darren Quinn. "His more than 30 years of proven experience in the tobacco industry will further ensure successful product introductions and sales growth throughout the North American market and beyond. His outstanding reputation in the tobacco industry, coupled with his strength in business development, strategic planning, sales and marketing, and product development will further enhance our company's commitment to creating a foundation for success," Quinn said.

Cutler joins Taboca from R.C. Cutler & Co., a management consulting firm specializing in "go to market" strategies for tobacco manufacturers and marketers in the United States. Prior to R.C. Cutler & Co., he spent more than 25 years at U.S. Smokeless Tobacco Company, where he served as vice president, strategic planning & business development.

Cutler holds a Bachelor's degree in accounting from St. John's University and a Master's degree in finance from Iona College. He currently resides in Connecticut with his wife Robyn.

Taboca's manufacturing and product development is conducted by its wholly owned subsidiary, Nordic Snus Manufacturing AB, located in Gotland, Sweden.

The company has secured the global right to use the world famous cigar trademarks of Montecristo and Romeo y Julieta within their snus (smokeless tobacco) product portfolio.

For more information please visit our website at: www.taboca-as.com

Tom Ruud, Media Relations: +47 41 67 66 61

This press release was issued through 24-7PressRelease.com.

Tobacco
Transportation
Utilities

For further information, visit http://www.24-7pressrelease.com.

Taboca/AS

**Interest!**
ALERT

Web site: http://www.taboca-as.com/

Copyright © 2006, PRNewswire
Copyright © 2006, InterestAlert

About Us

**Content Solutions:** News Experience | SiteNews
Copyright © 1996-2006 Interest!ALERT
Legal Notices and Terms of Use

℀JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Philip Morris USA Inc.
6601 West Broad Street
Richmond, Virginia  23230

**(b)** County of Residence of First Listed Plaintiff   City of Richmond

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Steven J. Balick, ASHBY & GEDDES, 500 Delaware Avenue,
P.O. Box 1150, Wilmington, Delaware 19899
(302) 654-3700

## DEFENDANTS

Toboca AS, Bygdoy Alle 17, 0262 Oslo, Norway

Taboca USA Inc., 2711 Centerville Road, Suite 400,
Wilmington, Delaware 19808

County of Residence of First Listed Defendant  _____

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):  28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment); 48 U.S.C. § 1114 (Federal Trademark Infringement)

Brief description of cause:  This is an action for declaratory relief under the Lanham Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
January 14, 2008

SIGNATURE OF ATTORNEY OF RECORD
*Steven J. Balick*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 8 ‾ 0 2 8 _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____ 2 ____ COPIES OF AO FORM 85.

_1/14/08_
(Date forms issued)

_____
(Signature of Party or their Representative)

Matthew D. Gordon
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action