IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILIP MORRIS USA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-028-SLR |
| | ) | |
| TABOCA AS and | ) | |
| NORDIC AMERICAN SMOKELESS INC. f/k/a | ) | |
| TABOCA USA INC., | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), by its undersigned attorneys,

brings this action for trade name infringement, trademark infringement, unfair competition, and

related claims against Defendants Taboca AS and Nordic American Smokeless Inc., f/k/a Taboca

USA Inc. ("Nordic American") ("Defendants"), and alleges as follows:

## NATURE OF THE CASE

1.    This is a civil action for trade name infringement, trademark infringement, unfair

competition, and related claims.  Plaintiff Philip Morris USA seeks damages and injunctive relief

under federal, state, and common law arising out of Defendants' use in the United States of the

TABOCA trade name and mark, which is virtually identical to Philip Morris USA's TABOKA

mark, and which Defendants use in connection with the exact same type of product -- smokeless

tobacco -- as Philip Morris USA.  By willfully using a name and mark that is almost identical to

Philip Morris USA's TABOKA mark in connection with the exact same type of product,

Defendants mislead consumers into thinking that Philip Morris USA is affiliated, connected, or

{00203150;v1}

associated with Defendants and/or that Philip Morris USA sponsors or approves of Defendants' products.

## THE PARTIES

2.      Philip Morris USA is a Virginia corporation with its principal place of business at 6601 West Broad Street, Richmond, Virginia 23230.

3.      Defendant Taboca AS is a Norwegian limited liability company with its principal place of business at Bygdoy Allé 17, 0262 Oslo, Norway.  Taboca AS purports to manufacture, market, and sell Swedish snus, a smokeless tobacco product, using the "finest hand-picked Cuban tobacco" (a type of tobacco that cannot be lawfully sold in the United States) for "Swedish, Norwegian, and American consumers."

4.      Defendant Nordic American Smokeless Inc. is a Delaware corporation with a registered agent address at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Upon information and belief, Defendant Nordic American previously conducted business under the corporate name "Taboca USA Inc.," and changed its name to "Nordic American Smokeless Inc." on or around January 22, 2008.  Upon further information and belief, Nordic American is an affiliate of Taboca AS that manufactures and markets Swedish snus.

## JURISDICTION AND VENUE

5.      This action is based on Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Delaware Deceptive Trade Practices Act, 6 Del. C. §§ 2531 *et seq.*, and the common law of trade name infringement, trademark infringement, and unfair competition.

6.      This Court has jurisdiction over the subject matter of this action pursuant to:  (i) 28 U.S.C. § 1332(a), based on diversity of citizenship; (ii) Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), as an action for violation of the federal Lanham

Act; (iii) 28 U.S.C. §§ 1338(b) and 1367 for the claim based on the common law of unfair

competition; and (iv) 28 U.S.C. § 1367 for the claims based on the Delaware Deceptive Trade

Practices Act and the common law of trade name and trademark infringement.  Upon

information and belief, the amount of the controversy exceeds the sum or value of seventy-five

thousand dollars ($75,000), exclusive of interest and costs.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c)

because Defendant Nordic American Smokeless Inc. is incorporated in the State of Delaware

and, upon information and belief, Defendants have offered for sale and sold their tobacco

products under the infringing TABOCA mark in this district.  In addition, Defendant Taboca AS

is an alien and may be sued in any district pursuant to 28 U.S.C. § 1391(d).

## FACTUAL BACKGROUND UNDERLYING CLAIMS

**A.    Philip Morris USA's Rights In The TABOKA Mark**

8.    On May 5, 2005, Philip Morris USA filed an intent-to-use application (Serial No.

78/623,680) with the United States Patent and Trademark Office (the "USPTO") to register the

mark TABOKA for:

> tobacco, raw or manufactured, including cigars, cigarettes,
> cigarillos, tobacco for roll your own cigarettes, pipe tobacco,
> chewing tobacco, snuff tobacco, tobacco substitutes not for
> medical purposes; smokers' articles, namely cigarette paper and
> tubes, cigarette filters, tobacco tins, cigarette cases and ashtrays not
> of precious metals, their alloys or coated therewith; smoking
> pipes, pocket apparatus for rolling cigarettes, lighters not of precious
> metals, and matches in International Class 34.

9.    Under the Lanham Act, the filing of Philip Morris USA's application establishes

constructive use of the mark as of May 5, 2005, and gives Philip Morris USA nationwide priority

as of that date.  15 U.S.C. § 1057(c).

10.     The USPTO approved Philip Morris USA's application for TABOKA on May 4, 2006, and, on June 27, 2006, the application was published for opposition.

11.     Philip Morris USA began selling its TABOKA smokeless tobacco products in the United States in July 2006.

**B.     The Trademark Trial And Appeal Board Conclusively Determined That Philip Morris USA Has Prior Rights In The TABOKA Mark**

12.     Upon information and belief, prior to Philip Morris USA's May 5, 2005 constructive use date, Defendants undertook no activities in the United States that would give rise to protectable trademark rights in the TABOCA trade name and mark.

13.     Despite the fact that Defendants never manufactured or sold tobacco products under the TABOCA mark in the United States prior to Philip Morris USA's May 5, 2005 constructive use date, on August 28, 2006, Defendant Taboca AS filed a Notice of Opposition with the Trademark Trial and Appeal Board (the "Board") against Philip Morris USA's Application Serial No. 78/623,680 for TABOKA, asserting prior common law rights in TABOCA through various alleged "pre-sales" activities.

14.     On February 7, 2007, Philip Morris USA filed a motion for summary judgment with the Board on the ground that Defendant Taboca AS could not establish, as a matter of law, priority of use in the term TABOCA before the May 5, 2005 filing date of Philip Morris USA's application to register the TABOKA mark.  The Board granted that motion on December 18, 2007, and dismissed the opposition proceeding with prejudice.  In particular, the Board concluded that Taboca AS's alleged prefiling activities with respect to the TABOCA mark, such as confidential meetings and agreements, were not "calculated to come to the attention of the public."  Accordingly, the Board held that Taboca AS had failed to establish use of TABOCA as a trade name before Philip Morris USA's priority date.

**C.    Defendants Are Now Willfully Using The TABOCA Name And Mark In U.S. Commerce In Violation Of Philip Morris USA's Rights**

15.    Since Philip Morris USA's priority filing date of May 5, 2005, Defendants have taken specific measures to develop and use the confusingly similar TABOCA designation as a trade name and mark in connection with the marketing, manufacturing, and sale of their smokeless tobacco products inside the United States.  For example:

(a)    Taboca AS hired a U.S. businessman named Darren Quinn to serve as CEO and to manage the company's day-to-day business under the TABOCA trade name from within the United States, in New York.

(b)    In January 2006, Taboca AS entered into negotiations with R.J. Reynolds Tobacco Company ("R.J. Reynolds") to discuss a potential joint venture relating to smokeless tobacco.  The negotiations with R.J. Reynolds resulted in the execution of a Strategic Relationship Agreement on June 9, 2006, which calls for R.J. Reynolds to provide distribution and manufacturing services in the United States for Taboca AS's smokeless tobacco products sold under the TABOCA name.

(c)    In a July 12, 2006 press release announcing the Strategic Relationship Agreement between Taboca AS and R.J. Reynolds, Taboca AS's CEO, Darren Quinn, stated that Taboca AS "will enter this emerging segment [the U.S. smokeless tobacco market] by launching our own snus brands in the U.S. within the next 12 months," *i.e.*, by July 2007.  A copy of this press release is attached hereto as Exhibit A.  Taboca AS's agreement with R.J. Reynolds was widely discussed in the U.S. press.

(d)     On November 20, 2006, Defendant Taboca AS hired Richard Cutler to serve as Executive Vice President for Business Development in the United States.  Cutler is a U.S. citizen based in Connecticut with extensive business development and strategic planning experience in the U.S. tobacco industry.  According to a press release that Taboca AS issued on November 20, Cutler "will be responsible for creating a foundation for the successful launch *and continued development of Taboca's smokeless tobacco business in North America*."  (Emphasis added.)  A copy of this press release is attached hereto as Exhibit B.

(e)     On April 25, 2007, Taboca AS incorporated a U.S. subsidiary under the name "Taboca USA Inc." in the State of Delaware.

(f)     On May 16, 2007, Taboca USA Inc. filed five trademark applications with the USPTO for various marks in connection with smokeless tobacco.

16.     On September 20, 2007, Taboca AS filed an application with the USPTO to register the mark TABOCA based on a foreign application.  Philip Morris USA submitted a Letter of Protest to this application on October 18, 2007, explaining that the application should not proceed pending the disposition of the Board case.  Taboca AS's application was refused, and the international registration on which it was based was cancelled.

17.     As explained above, on December 18, 2007, the Board granted summary judgment in Philip Morris USA's favor, dismissed Taboca AS's opposition proceeding with prejudice, and conclusively determined that Taboca AS has *no* prior rights in the TABOCA trade name and mark.  In flagrant disregard of the Board's judgment, however, Defendants are now

publicly using the confusingly similar TABOCA name and mark in the United States in connection with their smokeless tobacco products.

18.    Indeed, upon information and belief, Defendants are selling TABOCA smokeless tobacco products to U.S. consumers, including within this district, in direct competition with Philip Morris USA's TABOKA smokeless tobacco products.  Specifically, upon further information and belief, U.S. consumers can purchase TABOCA smokeless tobacco products via Internet websites such as www.buysnus.com and www.northerner.com, among others, for delivery and use in the United States.  (*See* Exhibits C and D.)  The sale in the United States of Defendants' smokeless tobacco products under the TABOCA name and mark is likely to cause confusion or mistake among consumers, and to deceive them into thinking that Defendants are affiliated, connected, or associated with Philip Morris USA and/or that Philip Morris USA has sponsored or approved the sale of these products.

**D.    Defendants Have Acted In Bad Faith**

19.    As Defendants undoubtedly know, their alleged activities prior to May 5, 2005, consisting of meetings with consultants and general discussions of possible joint ventures, are legally insufficient to give rise to any protectable rights in the TABOCA mark.  Nonetheless, Taboca AS purported to rely on its alleged common law rights in the TABOCA mark prior to May 5, 2005 in bringing a baseless trademark opposition proceeding against Philip Morris USA, which the Board promptly dismissed with prejudice.

20.    Moreover, even after the Board granted summary judgment in Philip Morris USA's favor, and ruled that Taboca AS has *no* prior rights in the TABOCA mark, Defendants publicly began using the TABOCA trade name in the United States in connection with competing smokeless tobacco products and, upon information and belief, are selling Swedish-made smokeless tobacco under the TABOCA mark to U.S. consumers.  Philip Morris USA

therefore had no choice but to initiate the instant proceedings to protect its rights in its TABOKA mark and to prevent confusion among U.S. consumers between its genuine TABOKA smokeless tobacco products and Defendants' competing TABOCA smokeless tobacco products.

21.     Defendants are not now, nor have they ever been, authorized or licensed to use the TABOCA mark in the United States.  Taboca AS's baseless opposition proceeding and Defendants' continued disregard of the Board's decision that Philip Morris USA has prior rights in the TABOKA mark in connection with smokeless tobacco products have forced Philip Morris USA to expend significant attorneys' fees and time protecting its legitimate TABOKA mark.

**E.     Defendants' Actions Have Caused Injury To Philip Morris USA And The Public**

22.     Philip Morris USA is suffering irreparable injury as a consequence of Defendants' wrongful conduct.  Philip Morris USA has applied to register the TABOKA mark and has a May 5, 2005 constructive use date for that mark.  Since July 2006, Philip Morris USA has sold smokeless tobacco products under the TABOKA mark in the United States.  Despite the Board's determination that Defendant Taboca AS did not use the TABOCA name and mark in "a manner calculated to come to the attention of the public" prior to May 5, 2005, and therefore has no prior rights in the TABOCA mark, Defendants continue to use the TABOCA trade name and mark in connection with the U.S. distribution and sales of smokeless tobacco products.  Defendants' use of a trade name and mark that is virtually identical to Philip Morris USA's TABOKA mark in connection with the exact same type of product (smokeless tobacco) is likely to cause consumer confusion or mistake, or to deceive consumers into thinking that a connection, affiliation, sponsorship, or association exists between Philip Morris USA and Defendants and/or that Philip Morris USA endorses, sponsors, or is otherwise affiliated with Defendants' products.

23.     Defendants' continued use of a trade name and mark that is virtually identical to Philip Morris USA's TABOKA mark in connection with smokeless tobacco products threatens

to misappropriate the goodwill associated with Philip Morris USA's TABOKA mark.  This is especially so because Defendants' smokeless tobacco product, upon information and belief, contains Cuban tobacco -- a type of tobacco that cannot legally be sold in the United States.

24.     Upon information and belief, Defendants have profited from their wrongful conduct, including, without limitation, by selling smokeless tobacco under the TABOCA mark to U.S. consumers who are confused into believing that Defendants and/or their TABOCA products are endorsed and sponsored by, or otherwise affiliated, connected, or associated with Philip Morris USA and its TABOKA product.

## FIRST CAUSE OF ACTION

**(Trade Name Infringement and Unfair Competition
Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

25.     Philip Morris USA realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 24 above.

26.     As alleged above, subsequent to Philip Morris USA's May 5, 2005 priority filing date for its TABOKA smokeless tobacco product, Defendants began publicly using the TABOCA trade name and mark in U.S. commerce in connection with their smokeless tobacco products.  Defendants' use of their name and mark in connection with smokeless tobacco is likely to cause confusion or mistake, or to deceive consumers into thinking that Defendants are affiliated or connected with Philip Morris USA and/or that Philip Morris USA endorses or sponsors Defendants' TABOCA products.  By their actions as described herein, Defendants have engaged in trade name infringement and unfair competition under Section 43(a) of the Lanham Act.

27.    Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.  Philip Morris USA is also entitled to damages, trebled, and to reasonable attorneys' fees and costs as a result of Defendants' willful conduct.

## SECOND CAUSE OF ACTION

**(Trademark Infringement Under Section 43(a) of
the Lanham Act, 15 U.S.C. § 1125(a))**

28.    Philip Morris USA realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 27 above.

29.    Upon information and belief, Defendants currently are selling smokeless tobacco products under the TABOCA mark to U.S. consumers, including Delaware residents, via various Internet websites (among possible other means).  Defendants' use of their trademark in connection with smokeless tobacco is likely to cause confusion or mistake, or to deceive consumers into thinking that Defendants are affiliated or connected with Philip Morris USA and/or that Philip Morris USA endorses or sponsors Defendants' TABOCA products.  By their actions, Defendants have engaged in trademark infringement under Section 43(a) of the Lanham Act.

30.    Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.  Philip Morris USA is also entitled to damages, trebled, and to reasonable attorneys' fees and costs as a result of Defendants' willful conduct.

## THIRD CAUSE OF ACTION

**(Deceptive Trade Practices in Violation of the Delaware
Deceptive Trade Practices Act, 6 Del. C. §§ 2531 *et seq*.)**

31.    Philip Morris USA realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 30 above.

32.     Defendants' actions as described herein have resulted in Defendants willfully "passing off" their TABOCA smokeless tobacco products as those of Philip Morris USA. Defendants have caused, or are likely to cause, confusion or misunderstanding as to the source, sponsorship, approval, or certification of their smokeless tobacco products and/or as to an affiliation, connection, association with, or certification by, Philip Morris USA.

33.     As a direct and proximate result of Defendants' actions, conduct, and practices as alleged above, Philip Morris USA has suffered, and will continue to suffer, irreparable injury and damages.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark and Trade Name Infringement)

34.     Philip Morris USA realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 33 above.

35.     Philip Morris USA's TABOKA mark constitutes a valid mark under common law.  The Board has conclusively determined that Philip Morris USA has prior rights as of May 5, 2005 in the TABOKA mark for use in U.S. commerce in connection with smokeless tobacco products (among others).

36.     Defendants are liable for infringement of the TABOKA mark under Delaware common law.  As alleged herein, Defendants' willful use of the TABOCA trade name and mark subsequent to Philip Morris USA's May 5, 2005 constructive use date for the TABOKA mark, and the Board's conclusive determination that Defendant Taboca AS has no prior rights in TABOCA, is likely to cause confusion or mistake, or to deceive consumers into thinking that Defendants' products are Philip Morris USA products and/or that Philip Morris USA sponsored or approved the sale of these products.

37.     Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.  Philip Morris USA is also entitled to damages and to reasonable attorneys' fees and costs as a result of Defendants' willful conduct.

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

38.     Philip Morris USA realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 37 above.

39.     Defendants' willful acts as described herein have resulted in the "passing off" of their TABOCA smokeless tobacco products as those of Philip Morris USA or as somehow related or associated with, or sponsored or endorsed by, Philip Morris USA.

40.     Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.  Philip Morris USA is also entitled to damages and to reasonable attorneys' fees and costs as a result of Defendants' willful conduct.

41.     Upon information and belief, Defendants' conduct was oppressive, fraudulent, and malicious, thus entitling Philip Morris USA to an award of punitive damages.

## SIXTH CAUSE OF ACTION

### (For Attorneys' Fees)

42.     Philip Morris USA realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 41 above.

43.     The intentionally baseless nature of Defendant Taboca AS's opposition proceeding before the Trademark Trial and Appeal Board and Defendants' current bad faith use of the TABOCA trade name and mark in U.S. commerce in connection with smokeless tobacco products, in flagrant disregard of the Board's determination that Taboca AS has *no* prior rights in the TABOCA trade name, makes this an "exceptional" case within the meaning of Section 35 of

the Lanham Act, 15 U.S.C. § 1117(a). Not only have Defendants interfered with Philip Morris

USA's exclusive use of its trademark rights, but their actions have also caused Philip Morris

USA to incur substantial legal expenses both in the Board proceedings and in the instant action.

Philip Morris USA could not stand idly by while Defendants infringed their valuable TABOKA

mark on products that are nearly identical to those Philip Morris USA sells in the United States.

Instead, Philip Morris USA had no choice but to engage counsel to address this threat.

44.     In protecting and defending its rights in the TABOKA mark against Defendant

Taboca AS's baseless claim and Defendants' present infringing activities, Philip Morris USA has

engaged outside counsel in Washington D.C., Reston, Virginia, and Delaware. Philip Morris

USA has thus invested considerable time and resources addressing Defendants' misconduct, and

has incurred considerable legal fees.

45.     Philip Morris USA seeks to recover its damages, including attorneys' fees, caused

by Defendant Taboca AS's deliberately meritless claim before the Board and Defendants'

continued wrongful conduct as described herein, which has prompted the instant action.

**PRAYER FOR RELIEF**

**WHEREFORE,** Philip Morris USA prays:

A.     For judgment that:

     (i)     Defendants have engaged in trade name infringement and unfair

             competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C.

             § 1125(a);

     (ii)     Defendants have engaged in trademark infringement in violation of

             Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

     (iii)     Defendants have engaged in deceptive trade practices in violation of the

             Delaware Deceptive Trade Practices Act, 6 Del. C. §§ 2531 *et seq.*;

(iv) Defendants have engaged in common law trade name and trademark infringement;

(v) Defendants have engaged in common law unfair competition; and

(vi) Defendants are entitled to reasonable attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

B.    For an injunction restraining and enjoining Defendants and their divisions, subsidiaries, officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from:

(i) Using or applying to register the TABOCA trade name and mark, or any names or marks confusingly similar thereto, in U.S. commerce on or in connection with tobacco products, including without limitation, smokeless tobacco products;

(ii) Marketing, distributing, offering for sale, and/or selling smokeless tobacco, or any other tobacco products, under the TABOCA mark, or any names or marks confusingly similar thereto, including without limitation the TABOKA mark, to U.S. consumers by any means.

C.    For an order awarding PM USA:  (i) Defendants' profits derived from their unlawful conduct, damages, attorneys' fees, and costs to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, with damages awarded under 15 U.S.C. § 1117 trebled; (ii) damages, attorneys' fees, and costs to the full extent provided for by the Delaware Deceptive Trade Practices Act, 6 Del. C. §§ 2531 *et seq*., with damages trebled; (iii) actual and punitive damages under the common law.

D.     For such other and further relief as this Court shall deem appropriate.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Philip Morris USA Inc.*

*Of Counsel:*

Christopher P. Foley
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-3315
(571) 203-2700

Roberta L. Horton
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5161

Dated: March 19, 2008

# EXHIBIT A



## US-Norwegian cooperation
## Taboca becomes a global player in the snus market

### R.J. Reynolds signs strategic relationship agreement with Taboca AS

**OSLO, NORWAY (July 12, 2006):** R.J. Reynolds Tobacco Company, the second largest manufacturer of cigarettes in the United States, and Taboca AS, a Norwegian company engaged in the manufacturing and marketing of Swedish snus, have signed a strategic relationship agreement. Terms of the agreement were not made public.

"We are pleased to partner with R.J. Reynolds as this agreement clearly validates Taboca as a world-class manufacturer of premium snus products", says Darren Quinn, CEO of Taboca.

Taboca expects the emerging 'luxury' snus segment within Scandinavia to be 10 -15% of the entire snus market within the next five years. "Our snus products will become the 'luxury' segment leader and will achieve a 50% market share within the segment by 2010", says Darren Quinn.

Taboca has the sole right to use the world famous cigar brands Montecristo and Romeo y Julieta in their snus products. Taboca believes that their brands will be associated with quality and will attract snus consumers looking for an exclusive alternative. The brands are currently in test market in Stockholm, Gothenburg, Malmo and Uppsala, Sweden.

"We use the finest hand-selected tobaccos in the world. Our snus will definitely be perceived differently from that of Swedish Match", says Darren Quinn.

The U.S. smokeless tobacco market is roughly five times the size of the Swedish snus market. "Swedish styled snus is now beginning to gain recognition among U.S. consumers. We will enter this emerging segment by launching our own snus brands in the U.S. within the next 12 months," adds Quinn.

Taboca AS, headquartered in Oslo, is a marketer of premium snus products. Manufacturing and product development is administered by its wholly owned subsidiary, Nordic Snus Manufacturing AB, located in Gotland, Sweden. The company intends to list on the Stockholmsbörsen (the Swedish stock exchange) within 18 months.

R.J. Reynolds Tobacco Company, an indirect subsidiary of Reynolds American Inc. (NYSE: RAI), is the second-largest tobacco company in the United States, manufacturing about one of every three cigarettes sold in the U.S. The company's brands include five of the 10 best-selling U.S. cigarette brands: Camel, Kool, Winston, Salem and Doral.

**For more information please visit our website at: www.taboca-as.com**

Henning Hesjedal, Media Relations: +47 41 67 66 61

# EXHIBIT B

Taboca A/S Names Richard C. Cutler Executive Vice President, Business Development    Page 1 of 2



· Ads by Google    Executive Producer    Senior VP    Executive Vice    Decorating    Broadcast Operations

**InterestAlert**

Printer friendly format

Send this page to a friend

Ads by Google

**Holiday Ideas**
  Holiday Ideas

**Top News**
  Front Page
  Late Breaking
  National
  World News
  Business
  Opinions
  Politics
  High Tech
  Health
  Sports
  California News
  Entertainment
**Women's News**
  Women in the News
  Women in Sport
  Women in Politics
**Politics**
  Democrats
  Republicans
**Sport**
  Baseball
  Basketball
  Boxing
  Cricket
  Football
  Golf
  Hockey
  Olympics
  Other Sports
  Racing
  Rugby
  Soccer
  Tennis
  Track & field
**Industry News**
  Advertising
  Aerospace & Defense
  Agriculture
  Auto
  Aviation
  Banking & Finance
  Chemical
  Computer & Electronics
  Construction
  Education
  Entertainment
  Environment
  Food & Beverage
  Gambling
  Healthcare
  Household
  Insurance
  Internet
  Leisure
  Machinery
  Maritime
  Medical
  Mining
  Oil & Energy
  Paper
  Publishing
  Real Estate
  Restaurants
  Retail
  Telecom
  Textile

## Taboca A/S Names Richard C. Cutler Executive Vice President, Business Development

OSLO, Norway, Nov. 20 /PRNewswire/ -- Taboca A/S today announced that Richard C. Cutler has joined the company as executive vice president, business development.

Taboca A/S, headquartered in Oslo, is a marketer of premium snus tobacco products.

Cutler will be responsible for creating a foundation for the successful launch and continued development of Taboca's smokeless tobacco business in North America.

"We are delighted to have Rich join our executive management team at Taboca," said CEO Darren Quinn. "His more than 30 years of proven experience in the tobacco industry will further ensure successful product introductions and sales growth throughout the North American market and beyond. His outstanding reputation in the tobacco industry, coupled with his strength in business development, strategic planning, sales and marketing, and product development will further enhance our company's commitment to creating a foundation for success," Quinn said.

Cutler joins Taboca from R.C. Cutler & Co., a management consulting firm specializing in "go to market" strategies for tobacco manufacturers and marketers in the United States. Prior to R.C. Cutler & Co., he spent more than 25 years at U.S. Smokeless Tobacco Company, where he served as vice president, strategic planning & business development.

Cutler holds a Bachelor's degree in accounting from St. John's University and a Master's degree in finance from Iona College. He currently resides in Connecticut with his wife Robyn.

Taboca's manufacturing and product development is conducted by its wholly owned subsidiary, Nordic Snus Manufacturing AB, located in Gotland, Sweden.

The company has secured the global right to use the world famous cigar trademarks of Montecristo and Romeo y Julieta within their snus (smokeless tobacco) product portfolio.

For more information please visit our website at: www.taboca-as.com

Tom Ruud, Media Relations: +47 41 67 66 61

This press release was issued through 24-7PressRelease.com.

**Christmas Sale Clearance**
Free Shipping & Up to 80% on all Christmas gifts & decorations!
www.SmartBargains.com

**Home Design Help & Advice**
Ask questions, get advice and tips from design experts and decorators.
DesignTalk.HomeVisions.com

**World of Decor**
Beautify your home and garden Great for Gift Giving
www.therestingstone.com

**Christmas decorating**
Articles and Free Tips for home & garden projects.
HomeGarden.Move.com

**Christmas Decorating**
Looking for Christmas decorating? See our Christmas decorating guide.
Christmas-Decorating.Info

**Advertise on this site**

• Last Minute Gifts
• Old-Fashioned Christmas
• Make Your House Stand Out
• Warm Up Winter Decor
• Bright Your Bath
• Easy Hang Wallpapers
• Autumn Inspiration
• Give Kids the World
• Interior Design
• Teen Room Redesign
• Home Sanctuary
• Baby Room Styling
      More Home Decorating...

Tobacco
Transportation
Utilities

**Interest!**
**ALERT**

For further information, visit http://www.24-7pressrelease.com.

Taboca/AS

Web site: http://www.taboca-as.com/

Copyright © 2006, PRNewswire
Copyright © 2006, InterestAlert

About Us

**Content Solutions:** News Experience | SiteNews
Copyright © 1996-2006 Interest!ALERT
Legal Notices and Terms of Use

# EXHIBIT C



www.**BuySnus**.com

User name: [_____]  Password: [_____]  [Login] Forgotten your password?

Home | Contact | Tell a friend | SiteMap | Search: [_____]

**ORDER SNUS/SNUFF:**

►Loose-weight snus
►Portion-packed snus
  ► Mini
  ► Large
    ► Original Portion
    ► White Portion
    ► Strong Portion
  ► Maxi
►Mixed snus & boxes
►Other Smokeless Tobacco
►ICETOOL **NEW**

**INFORMATION:**
►Snus/Snuff
►Snus News
►**Snus Stories**
►Snus history
►Secure payment
►6th roll concept
►FAQs

**MY PAGES:**
Login / Register



## Taboca Snus

Taboca provides a new experience for the independent snus consu...
bringing the finest hand-selected tobaccos together with modern S...
snus-making principles. Bold, distinctive packaging promises stand...
older, traditional brands giving younger snus consumers the means...
discover their own independence.

Price per can: 2,9 USD
Price per roll: 26,13 USD = 1 point

Cans: [____]
Rolls (10 cans): [____]  [Buy] 

Currency:    Freight country:

○ SEK       ○ Within the EU
○ EUR       ○ Europe not EU
● USD       ● Other countries
○ CHF       ○ United States



# EXHIBIT D

Taboca, Portion Snus, cuban, tobacco, unique swedish, blend, norwegian, spring water                    Page 1 of 3



Since 1998 - *A piece of the Scandinavian soul at your home*

# THE NORTHERNER

Since 2004
The Russian Shop

HOME  SNUS  APPAREL  CRAFTS  DECOR  FOOD  HISTORICAL  JEWELRY

 VIEW CART

### Search

 GO

### Browse



- ❖ HOME
- ❖ SWEDISH SNUS
  - – Loose Snus
  - – **Portion Snus**
  - – White Portion Snus
  - – Strong Portion Snus
  - – Maxi Portion Snus
  - – Try out Boxes
  - – Mini Portion Snus
  - – Dry White Mini Portion Snus
  - – Tobacco Bits
  - – Tobacco FREE Portions
  - – Firebreak Tobacco Gum
  - – Snus Accessories
- ❖ SCANDINAVIAN FOOD
- ❖ SCANDINAVIAN FASHION
- ❖ SCANDINAVIAN CRAFTS
- ❖ SCANDINAVIAN

◄ GO BACK

◄◄ 1 2 3 4 5 6 7 **8** 9 10 11 12 13 ... 35 36 37 38 39 ►►

## Taboca Portion
Swedish Premium Portion Snus

◄ ENLARGE ►



### Taboca Portion Snus - *The revolution starts here!*

Portion snus with traditional bergamot flavour and a hint of fig. The revolution starts here. Taboca provides a new experience for the independent snus costumer, bringing the finest hand selected tobaccos together with modern swedish snus-making principles. Blended using only the purest Norwegian spring water for a distinctive fresh taste, Taboca embodies the conscious desire to be individual, to make your own statement and to show your appreciation for the finer things in life. A daring and distinct can seperates Taboca from the traditional snus brands.

**LATEST NEWS:**
- New Dala Section
- New Clogs Section
- Vertigo Snus
- Power Energy Snus

**Snus Information Video**



**View Snus Video**
- Broadband
- Medium size
- Small size

**Northerner's**
Offer of the month
**20% Discount**

