# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PHILIP MORRIS USA, INC. | : CIVIL ACTION |
|  | : |
| Plaintiff, | : DOCKET NO.: 08-028-SLR |
|  | : |
| v. | : |
|  | : |
| TABOCA AS and | : |
| NORDIC AMERICAN SMOKELESS INC. | : |
|  | : |
| Defendants | : |
|  | : |

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFEDANT NORDIC AMERICAN SMOKELESS INC'S
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
## OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

---

Andrew S. Dupre (DE Bar ID No. 4621)
MCCARTER & ENGLISH
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
302-984-6300
Attorneys for Defendant,
Nordic American Smokeless Inc.

ME1 7292531v.2

# TABLE OF CONTENTS

**PAGE**

I.      NATURE OF THE PROCEEDINGS ..................................................................1

II.     SUMMARY OF THE ARGUMENT ..................................................................1

III.    STATEMENT OF FACTS ..................................................................................2

IV.     ARGUMENT

    A.    Standard of Review ......................................................................................4

    B.    The Complaint Fails To Provide Nordic American With Fair Notice Of The Specific Claims Against It And Therefore Should Be Dismissed ..........................6

    C.    In The Alternative, Nordic American Is Entitled To Summary Judgment Of Non-Infringement ........................................................................................9

V.      CONCLUSION................................................................................................12

i

**TABLE OF AUTHORITIES**

**CASES**

*800-Jr Cigar, Inc. v. GOTO.com, Inc.*, 437 F. Supp. 2d 273 (D.N.J. 2006).......................9

*Academy of Motion Picture Arts & Sciences v. Network Solutions, Inc.*, 989 F. Supp. 1276 (C.D. Cal. 1997).......................11

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .......................5

*Bell Atlantic Corp. et al. v. Twombly et al.*, 127 S. Ct. 1955 (2007) .......................4, 7, 8, 9

*Bosley Medical Institute Inc. v. Kremer*, 74 U.S.P.Q. 2d 1280 (9th Cir. 2005) ...............11

*Carter v. Stanto*, 405 U.S. 669 (1972) .......................5

*Celetex Corp. v. Catrett*, 477 U.S.  317 (1986) .......................5

*Christopher v. Harbury*, 536 U.S. 403, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)...........4

*Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) .......................4

*Erickson v. Pardus*, ---, U.S. -- 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).......................4

*Evancho v. Fisher*, 423 F.3d 347 (3d. Cir. 2005) .......................7

*H.J. Inc. v. Northwestern Bell Telegraph, Co.*, 492 U.S. 229 (1989).......................5

*Hishon v. King and Spalding*, 467 U.S. 69 (1989) .......................5

*Kulwicki v. Dawson*, 969 F.2d 1454 (3d Cir. 1992) .......................5

*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990) .......................6

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ..........6, 11

*Morse v Lower Merion School District*, 132 F.3d 902 (3d Cir. 1997) ...........................4, 7

*Optimum Technologies Inc. v. Hankel Consumer Adhesives Inc.*, 496 F.3d 1231 (11th Cir 2007).......................11

ii

*Parker v. Learn Skills Corp.*, 530 F. Supp. 2d 661 (D. Del. 2008) ...............................8, 9

*Phillips v. Alleghany County*, 515 F.3d 224 (3rd Cir. 2008) ...............................................8

*Prestonettes, Inc. v. Coty*, 264 U.S. 359 (1924)...............................................................11

*Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989) .......................................................................5

*S Industries, Inc. v. GMI Holdings, Inc.*, 1998 WL. 67627 ...............................................10

*S&L Vitamins, Inc. v. Australian Gold, Inc.*, 521 F. Supp. 2d 188 (E.D.N.Y. 2007) ...................................................................................................................................9

*Site Pro-1, Inc. v. Better Metal, LLC*, 506 F. Supp. 2d 123 (E.D.N.Y. 2007)...................10

*Southern Cross Overseas Agencies, Inc., et al., v. Wah Kwong Shipping Group Ltd.*, 181 F.3d  410 (3d Cir. 1999) ......................................................................................6

*Uhaul International, Inc. v. Whenu.com, Inc.*, 279 F. Supp. 2d 723 (E.D. Va. 2003) ............................................................................................................................10

## RULES AND STATUTES

15 U.S.C. § 1127.................................................................................................................10

Fed. R. Civ. P. 8 .................................................................................................................1

Fed.R.Civ.P. 10(c) .............................................................................................................5

Fed.R.Civ.P. 12(b)(6).........................................................................................................5

Fed.R.Civ.P 56(c) ..............................................................................................................5

## MISCELLANEOUS

5B Charles A Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §§ 1357, 1248......................................................................................................................4, 6

<u>Moore's Federal Practice 3d</u> § 12.34[2] ..........................................................................5

iii

## I.    NATURE OF THE PROCEEDINGS

On March 19, 2008, Plaintiff Philip Morris USA Inc. filed a First Amended Complaint (the "Complaint") against Taboca AS and Nordic American Smokeless Inc. ("Nordic American") alleging trade name infringement, trademark infringement, unfair competition and related claims based on Defendants' alleged use in United States commerce of the TABOCA trade name and trademark.  Nordic American's time to respond to the Complaint was extended by stipulation of the parties and order of the Court.

Nordic American now moves to dismiss, or, in the alternative, for summary judgment, because all of the factual allegations of the Complaint are directed only to Taboca AS, leaving no basis for any claim against Nordic American.  In the event that the Complaint is deemed to be sufficient under Fed. R. Civ. P. 8 and 12(b)(6), Nordic American has attached a Declaration from an appropriate corporate officer indicating that Nordic American has never sold any product of any type, let alone a product infringing on Plaintiff's trademark.  Summary Judgment is thus appropriate.

## II.    SUMMARY OF THE ARGUMENT

1.     The Complaint fails to make any specific allegations against Nordic American to provide notice of the claims against it.  Rather, all but two of the factual allegations are directed at the other Defendant, Taboca AS.  Those directed to Nordic American are merely its incorporation information (Compl. ¶ 4) and that it applied for certain trademarks (Compl. ¶15). Those facts even if true cannot provide a basis for any action at law.  To the extent factual allegations exist in the counts themselves, they are conflated into all "Defendants" without any allegation of what Nordic American as opposed to Taboca AS is supposed to have done .  Such vague and conclusory allegations do not provide "fair notice" as required by Fed. R. Civ. P. 8(a)

1

and cannot survive a motion to dismiss.  Moreover, the factual allegations that are made against all "Defendants" are speculative with respect to Nordic American.  The Internet web pages attached as Exhibits to the Complaint that allegedly prove that the "Defendants" are using the TABOCA trade name and mark in U.S. commerce, do not mention Nordic American under either its current or former name, let alone show in any way that Nordic American is using such name or mark in U.S. commerce.

2.      In the alternative, Nordic American indisputably is not using the TABOCA trade name or mark in U.S. commerce.  To the contrary, Nordic American changed its name from "Taboca USA Inc." to "Nordic American Smokeless Inc." in January 2008, announced its new name to the industry, and is promoting its company and upcoming products under its new name and under the NORDIC ICE and KLONDIKE trademarks.  Every cause of action in the Complaint is based on the allegation that Nordic American is using the TABOCA trade name and mark in U.S. commerce.  Nordic American has demonstrated the absence of any evidence showing this material fact, Plaintiff cannot produce any such evidence because Nordic American indisputably is not using the name or mark, and therefore summary judgment should be granted in favor of Nordic American.

## III.    STATEMENT OF FACTS

Defendant Nordic American is a Delaware corporation with a principal place of business at 100 Mill Plain Road, Danbury, Connecticut 06811.  (Quinn Declaration ¶ 3).  Nordic American incorporated in Delaware as Taboca USA Inc. on April 25, 2007.  On January 22, 2008, Taboca USA Inc. changed its name to Nordic American Smokeless Inc. following a ruling by the USPTO that Nordic American's prior use of the TABOCA trade name was not sufficient to prevent registration of Plaintiff's TABOKA mark.  On January 31, 2008, Nordic American

2

announced to the trade in a press release that it had changed its name to Nordic American Smokeless Inc. Nordic American is not using its former TABOCA trade name, and has no plans or desire to revert to, promote or otherwise use in commerce such trade name. (Quinn Declaration ¶ 4). Nordic American has no plans or desire to sell any TABOCA brand products. (Quinn Declaration ¶ 9).

Nordic American has never produced, distributed, sold or offered for sale any smokeless tobacco products anywhere in the world, either prior to or since its corporate name change. (Quinn Declaration ¶ 5). It is planning to offer smokeless tobacco products for sale in the United States in the near future under its KLONDIKE and NORDIC ICE trademarks, and has begun to publicize these brands in advertisements and trade literature under the Nordic American Smokeless Inc. trade name. (Quinn Declaration ¶ 6; Eder Declaration, Exs. C and D). Nordic American has not in the past had, and currently does not have, any involvement or affiliation with either of the two internet web pages, www.BuySnus.com and www.Northerner.com, which are attached to the Complaint as Exhibits C and D, respectively. (Quinn Declaration ¶ 11). Contrary to Plaintiff's assertion, neither web page identifies Nordic American, much less shows that Nordic American is involved in the sale of goods under the TABOCA trade name and mark.

According to the Complaint, Taboca AS is a Norwegian limited liability company, incorporated in Norway in 2004, with its principal place of business at Bygdoy Alle 17, 0262 Oslo, Norway. (Complaint ¶ 3). Nordic American and Taboca AS are separate corporations, that are separately capitalized, operate independently in different locations in different countries, with different overall directors, officers and employees, and different overall shareholders. Contrary to Plaintiff's assertion, Nordic American is not a subsidiary of Taboca AS. (Quinn Declaration ¶ 8). Nordic American does not purchase or receive from Taboca AS any TABOCA

3

brand products for resale or distribution in the United States or anywhere else.  (Quinn Declaration ¶ 9).

## IV.    ARGUMENT

### A.    Standard Of Review

In addressing a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); Christopher v. Harbury, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).  A complaint must contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, U.S. --- U.S. ----, ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  Although a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).  The complaint must make specific allegations to put each defendant on notice of the claims against it, and vague and conclusory allegations that do not provide "fair notice" will not survive a motion to dismiss.  Morse v Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); 5B Charles A Wright & Arthur R. Miller, Federal Practice and Procedure § 1357.

ME1 7292531v.2

The Court is permitted to consider the pleadings and matters of public record when considering a motion to dismiss.  15 <u>Moore's Federal Practice 3d</u> § 12.34[2] (Matthew Bender 3d ed.); Fed.R.Civ.P. 10(c) (documents attached to pleadings are part of pleadings).  Any written instrument attached to a pleading becomes part of that pleading and may be considered when deciding a motion to dismiss.  Fed.R.Civ.P. 10(c) (any written instrument which is an exhibit to a pleading is a part thereof for all purposes); <u>Rose v. Bartle</u>, 871 F.2d 331, 339-40 n.3 (3d Cir. 1989);  <u>See</u> <u>also</u> 15 <u>Moore's Federal Practice 3d</u> § 12.34[2] (Matthew Bender 3d ed.) (The courts may consider documents attached to the complaint and undisputed documents alleged or referenced in the complaint, and may take judicial notice of public records).

Alternatively, if the Court finds it necessary to consider the attached Declarations and/or Exhibits thereto not of public record when assessing the viability of Plaintiffs' claim, this motion to dismiss may be converted into a motion for summary judgment.  Fed.R.Civ.P. 12(b)(6); <u>Carter v. Stanto</u>, 405 U.S. 669, 671 (1972); <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1462 (3d Cir. 1992).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and answers on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving Party is entitled to a judgment as a matter of law." Fed.R.Civ.P 56(c).

An issue is "genuine" only if there is sufficient evidence with which a reasonable jury could find for a non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).  Furthermore, a factual dispute is only "material" if it might affect the outcome of the case.  <u>Id.</u> at 248.  Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  <u>Celetex Corp. v. Catrett</u>, 477 U.S.

317, 325 (1986).  If this initial burden is met, then the non-moving party bears the burden of

demonstrating that there are disputes of material fact.  Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986).  Moreover, the non-moving party must produce evidence

to support its position, and may not rest on conclusory allegations or bare assertions.  Lujan v.

National Wildlife Federation, 497 U.S. 871, 888 (1990).

>  **B.**    **The Complaint Fails To Provide Nordic American With Fair Notice Of The Specific Claims Against It And Therefore Should Be Dismissed.**

The Complaint fails to make any specific allegations against Nordic American to put

Nordic American on notice of the claims against it.  Rather, almost every allegation against

Nordic American refers to "Defendants" without identifying the party or parties.  "[I]n order to

state a claim for relief, actions brought against multiple defendants must clearly specify the

claims with which each individual defendant is charged."  5 Charles A Wright & Arthur R.

Miller, Federal Practice and Procedure § 1248.  In fact, the only allegation that specifically

identifies Nordic American is paragraph 15(f) which states:  "On May 16, 2007, Taboca USA

Inc. [now Nordic American] filed five trademark applications with the USPTO for various marks

in connection with smokeless tobacco."  (Complaint ¶ 15(f)).  This specific allegation does not in

any way support a claim that Nordic American is using in commerce the TABOCA trade name

or mark and therefore is committing trade name and trademark infringement.  To the contrary, as

indicated by the official records of the U.S. Patent & Trademark Office attached to the

accompanying Declaration of Elizabeth Swift, these five applications relate to entirely different

trademarks, and therefore only reinforce the fact that Nordic American is not using, and has no

plans to use the TABOCA trade name or mark.[1]  (Swift Declaration ¶¶ 3-7, Exhibits E-I); see

Southern Cross Overseas Agencies, Inc., et al., v. Wah Kwong Shipping Group Ltd., 181 F.3d

---

[1] These trademark applications are directed to the following five trademarks:  KLONDIKE, NORDIC ICE, BONANZA, FREEBIRD, and NORDIC SNUS.

410, 426 (3d Cir. 1999) (In addressing a motion to dismiss, the court may properly look at public records, in addition to the allegations in the complaint).

It is well settled that a complaint that relies on such vague and conclusory allegations does not provide fair notice and should not survive a motion to dismiss.  Morse v. Lower Merion School Dist., 132 F.3d at 902, 906 (3d Cir. 1997); Evancho v. Fisher, 423 F.3d 347, 351 (3d. Cir. 2005)  ("court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss").

Not only are the factual allegations made against Nordic American vague and conclusory, but they are speculative as well.  The only evidence identified by Plaintiff in the Complaint to support its allegation that Nordic American is using in commerce the TABOCA trade name and mark are copies of Swedish Internet web pages attached as Exhibits C and D.  Exhibit C is a copy of the "www.BuySnus.com" web page, and Exhibit D is a copy of the "www.Northerner.com" web page.  Neither web page mentions Nordic American either by its current or former name, much less shows that Nordic America is using the TABOCA trade name and mark in U.S. commerce.  Rather, it is only through speculation -- without any proffered factual basis even on information and belief -- that Plaintiff can allege that Nordic American was involved in the sale of TABOCA brand snus to these Swedish-based Internet retailers. Twombly, 127 S.Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Analysis of these claims is assisted by the Supreme Court's recent opinion in Bell Atlantic Corp. et al. v. Twombly et al., 127 S. Ct. 1955, 1965 (2007).  In affirming dismissal of vague and imprecise Sherman Act claims, the Court held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to

7

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).(internal citations and punctuation omitted).

The Court went on to criticize the dissent's view that Rule 8 absolves a plaintiff from the duty to plead facts sufficient to place the other party on notice of its claims:

> The dissent greatly oversimplifies matters by suggesting that the Federal Rules somehow dispensed with the pleading of facts altogether. While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out *in detail* the facts upon which he bases his claim, Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. Twombly, 127 S. Ct. 1955 at fn. 3(internal citations and punctuation omitted; emphasis original).

The Third Circuit very recently recognized in Phillips v. Alleghany County, 515 F.3d 224, 232 (3rd Cir. 2008) that Twombly moved the bar for the necessity of fact pleading to survive a Fed. R. Civ. P. 12(b)(6) motion: "We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." The Third Circuit test for the presence of sufficient facts considers the context of the claims presented: "Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case-some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. (internal citations and quotation marks omitted). Complex commercial actions based on statutes, such as the Lanham Act or the Sherman Act, seem to require heightened scrutiny.

This Court has also recognized that Twombly requires a degree of attention to the factual allegations against specific defendants that this Complaint lacks. In Parker v. Learn Skills Corp.

530 F.Supp. 2d 661 (D. Del. 2008), this Court applied <u>Twombly</u> to dismiss the Lanham Act claims more thoroughly supported by factual allegations than those made against Nordic American in this case.  In <u>Parker</u>, the plaintiff at least alleged specific misrepresentations that the defendants supposedly had made, yet he still could not escape dismissal under <u>Twombly</u>.  <u>Id</u>.

The law from the Supreme Court, the Third Circuit, and the District of Delaware, and this Court's recent opinions is clear: the Complaint fails to make fact allegations against Nordic American sufficient to survive a challenge under Fed. R. Civ. P. 12(b)(6).  Merely stating that Nordic American exists and once applied for some trademarks does not a cause of action state.  Attempting to piggyback claims against Nordic American onto factual allegations made only against Taboca AS is exactly the type of vague pleading prohibited by <u>Twombly</u>.  Dismissal under Fed. R. Civ. P. 12(b)(6) is therefore appropriate.

**C.    In The Alternative, Nordic American Is Entitled To Summary Judgment Of Non-Infringement.**

To establish violations of Section 43(a) of the Lanham Act, a plaintiff must show (1) ownership of a valid and legally protectable mark; (2) that defendant used the mark "in commerce"( 3) "in connection with the sale, offering for sale, distribution, or advertising" of goods and services (4) in a manner likely to confuse customers.  <u>800-Jr Cigar, Inc. v. GOTO.com, Inc.</u>, 437 F. Supp. 2d 273, 281-282 (D.N.J. 2006) (citation omitted).  Although "use," "in commerce," and "likelihood of confusion" are three distinct elements of a trademark infringement claim, "'use' must be decided as a threshold matter because, while any number of activities may be considered 'in commerce' or create a likelihood of confusion, no such activity is actionable under the Lanham Act absent the 'use' of a trademark."  <u>S&L Vitamins, Inc. v. Australian Gold, Inc.</u>, 521 F. Supp. 2d 188, 199 (E.D.N.Y. 2007).

ME1 7292531v.2

A mark is deemed to be in use in commerce on goods when the mark is placed in any manner on the goods and the goods are sold or transported in commerce.  Uhaul Int'l, Inc. v. Whenu.com, Inc., 279 F.Supp. 2d 723, 727 (E.D. Va. 2003).  See also 15 U.S.C. § 1127; S Industries, Inc. v. GMI Holdings, Inc., 1998 WL 67627, at *5 ("Under common law, "use" means sales to the public of a product with the mark attached.").  It follows that there is no trademark "use" where a defendant does not place the mark on any product or good.  Id.  See also Site Pro-1, Inc. v. Better Metal, LLC, 506 F. Supp. 2d 123, 127 (E.D.N.Y. 2007) ("The key question is whether the defendant placed plaintiff's trademark on any goods, displays, containers, or advertisements, or used plaintiff's trademark in any way … [T]here is no allegation that [Defendant] did so, and therefore no Lanham Act "use" has been alleged.").

As set forth in the attached Declaration of Darren Quinn, Nordic American indisputably is not using the TABOCA trade name or mark in U.S. commerce.  (Quinn Declaration ¶ 3).  Moreover, to date, Nordic American has not produced, distributed, sold or offered for sale any products anywhere in the world.  (Quinn Declaration ¶ 5).

Every cause of action in the Complaint is based on the fundamental allegation that Nordic American is using the TABOCA trade name and mark in U.S. commerce.  The first cause of action for trade name infringement and unfair competition under the § 43(a) of the Lanham Act is based on the allegation that Defendants are "publicly using the TABOCA trade name and mark in U.S. commerce" (Complaint ¶ 26); the second cause of action for trademark infringement under § 43(a) of the Lanham Act is based on the allegation that "Defendants currently are selling smokeless tobacco products under the TABOCA mark to U.S. consumers" (Complaint ¶ 29); the third cause of action for deceptive trade practices is based on the allegation that Defendants are "willfully 'passing off' their TABOCA smokeless tobacco products"

10

(Complaint ¶ 32); the fourth cause of action for common law trademark and trade name infringement is based on "Defendants' willful use of the TABOCA trade name and mark" (Complaint ¶ 36); the fifth cause of action for common law unfair competition is based on Defendants' "'passing off' of their TABOCA smokeless tobacco product" (Complaint ¶ 39); and the sixth cause of action for attorneys' fees is based on "Defendants' current bad faith use of the TABOCA trade name and mark in U.S. commerce" (Complaint ¶ 43).

It is axiomatic that in order for Plaintiff to prove each such cause of action it necessarily must prove that Nordic American is using the TABOCA trade name and mark. <u>Bosley Medical Institute Inc. v. Kremer</u>, 74 USPQ2d 1280, 1284 (9th Cir. 2005), citing <u>Prestonettes, Inc., v. Coty</u>, 264 U.S. 359, 368 (1924); <u>Optimum Technologies Inc. v. Hankel Consumer Adhesives Inc.</u>, 496 F.3d 1231, 1241-42 (11th Cir 2007) ("The first step of a trademark infringement action is to demonstrate an unauthorized 'use' of the plaintiff's mark in commerce"). The Declaration of Darren Quinn indisputably establishes that Nordic American is not using the TABOCA trade name or mark in U.S. commerce, and therefore establishes an absence of evidence on this material fact necessary to each cause of action. Plaintiff must produce specific evidence to support its position that Nordic American is using the TABOCA trade name or mark in U.S. commerce. Plaintiff cannot produce such evidence and therefore Nordic American is entitled to judgment as a matter of law. <u>Matsushita</u>, 475 U.S. at 586 (1986) ("[T]he nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'") (Emphasis in original.)). <u>See also</u> <u>Acad. of Motion Picture Arts & Sciences v. Network Solutions, Inc.</u>, 989 F. Supp. 1276, 1279 (C.D. Cal. 1997) ("There has been no allegation by the [Plaintiff] which supports a finding by the Court that [Defendant] has directly used any of their protected marks "in commerce". … There is likewise no evidence that [Defendant] attaches the names to any

goods or services that it sells. … There has been no allegation that [Defendant exploits] the Academy's marks. Without such a showing, the use in commerce requirement is not met.").

## V.    CONCLUSION

For the foregoing reasons, Nordic American respectfully requests that this Court dismiss Plaintiff's Complaint, and in the alternative, enter judgment in favor of Nordic American as a matter of law.

Respectfully submitted,

Date:  4/15/08                              /s/ Andrew S. Dupre
                                           David A. White (ID No. 2644)
                                           dwhtie@mcarter.com
                                           Andrew S. Dupre (ID No. 4621)
                                           adupre@mccarter.com
                                           Theodore W. Annos (ID No. 4823)
                                           tannos@mccarter.com
                                           McCarter & English, LLP
                                           Renaissance Centre
                                           405 N. King Street, 8th Floor
                                           Wilmington, DE  19801
                                           302-984-6300 - Telephone
                                           302-984-6399 - Facsimile

                                           Attorneys for Moving Defendant
                                           Nordic American Smokeless Inc.

## DECLARATION OF DARREN QUINN

I, Darren Quinn, declare and state as follows:

1.    I am over the age of eighteen years (18) and believe in the obligations of an oath.

2.    Since 2007, I have been the President and Chief Executive Officer of Nordic American Smokeless Inc.

3.    Nordic American Smokeless Inc. is a Delaware corporation with a principal place of business at 100 Mill Plain Road, Danbury, Connecticut 06811. Nordic American Smokeless Inc. incorporated in Delaware as Taboca USA Inc. on April 25, 2007, and changed its corporate name to Nordic American Smokeless Inc. on January 22, 2008. Attached as Exhibit A is a true and correct copy of the Certificate of Amendment filed with the Secretary of State of Delaware effecting this change.

4.    On January 31, 2008, Nordic American Smokeless Inc. announced to the trade in a press release that it had changed its name from Taboca USA to Nordic American Smokeless Inc. Since effecting its name change, Nordic American Smokeless Inc. has not, and has no plans or desire to revert to, promote or otherwise use in commerce its former Taboca trade name. Attached as Exhibit B is a true and correct copy of a press release announcing to the industry our corporate name change.

5.    To date, Nordic American Smokeless Inc. has not produced, distributed, sold or offered for sale any products anywhere in the world, either prior to or since its corporate name change.

6.    Nordic American Smokeless, Inc. is planning to offer smokeless tobacco products for sale in the United States in the near future under its KLONDIKE and NORDIC ICE trademarks, and under the Nordic American Smokeless Inc. trade name.

7.     Taboca AS is a Norwegian limited liability company formed in 2004 and located in Oslo, Norway.  Taboca AS is the owner of Norwegian trademark registration no. 226466, and of Swedish trademark registration nos. 374929 and 374930, for the TABOCA mark in connection with smokeless tobacco products.  Taboca AS has the legal right to, and does sell TABOCA brand smokeless tobacco products in Norway and Sweden.

8.     Nordic American Smokeless Inc. and Taboca AS are separate corporations, that are separately capitalized, operate independently in different locations in different countries, with different overall directors, officers and employees, and different overall shareholders. Nordic American Smokeless Inc. is not a subsidiary of Taboca AS.

9.     Taboca AS does not supply to Nordic American Smokeless Inc., and Nordic American Smokeless Inc. does not purchase or otherwise receive from Taboca AS any TABOCA brand products for resale or distribution in the United States or anywhere else, and Nordic American Smokeless Inc. has no plans or desire to sell any TABOCA brand products.

10.     I have read the First Amended Complaint filed by Philip Morris USA on March 19, 2008, and reviewed the exhibits thereto.

11.     Nordic American Smokeless Inc. has not in the past had, and currently does not have, any involvement or affiliation with either of the two internet web pages attached as Exhibits C and D to the First Amended Complaint, www.buysnus.com and www.northerner.com, respectively, or with the companies operating either of these web pages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  Apr 12, 2008            _____

                                          Darren Quinn

2

ME1 7286943v.1

## DECLARATION OF WILLIAM E. EDER

I, William E. Eder, declare and state as follows:

1.    I am over the age of eighteen years (18) and believe in the obligations of an oath.

2.    Since March, 2008, I have been the Vice President of Marketing of Nordic American Smokeless Inc. ("Nordic American").

3.    Attached hereto as Exhibit C is a copy of an exemplary advertisement for Nordic American's forthcoming KLONDIKE brand of smokeless tobacco products. This advertisement was published in the March, 2008, issue of <u>Distribution Channels</u>, the official magazine of the American Wholesale Marketers Association.

4.    Attached hereto as Exhibit D is a copy of an exemplary advertisement for Nordic American's forthcoming NORDIC ICE brand of smokeless tobacco products.

5.    The advertisements of Exhibits C and D will both be published in <u>Consumer Products Buyer</u>, in the spring issue coming out later in April, 2008, in connection with the Tobacco Plus Expo 08 on April 24-25, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _April 15, 2009_          _William E. Eder_
                                                      William E. Eder

## DECLARATION OF ELIZABETH M. SWIFT

I, Elizabeth M. Swift, declare and state as follows:

1.    I am over the age of eighteen years (18) and believe in the obligations of an oath.

2.    I am an associate attorney at the law firm of McCarter & English, LLP.

3.    Attached hereto as Exhibit E is a true and correct copy of the records of the United States Patent and Trademark Office for Trademark Application No. 77/183,018, filed on May 16, 2007, for the mark KLONDIKE.

4.    Attached hereto as Exhibit F is a true and correct copy of the records of the United States Patent and Trademark Office for Trademark Application No. 77/182,998, filed on May 16, 2007, for the mark NORDIC ICE.

5.    Attached hereto as Exhibit G is a true and correct copy of the records of the United States Patent and Trademark Office for Trademark Application No. 77/183,009, filed on May 16, 2007, for the mark BONANZA.

6.    Attached hereto as Exhibit H is a true and correct copy of the records of the United States Patent and Trademark Office for Trademark Application No. 77/182,992, filed on May 16, 2007, for the mark FREEBIRD.

7.    Attached hereto as Exhibit I is a true and correct copy of the records of the United States Patent and Trademark Office for Trademark Application No. 77/183,002, filed on May 16, 2007, for the mark NORDIC SNUS.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _April 15, 2008_              _Elizabeth M. Swift_
                                       Elizabeth M. Swift

# EXHIBIT A

# Delaware

PAGE 1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF AMENDMENT OF "TABOCA USA INC.", CHANGING ITS NAME FROM "TABOCA USA INC." TO "NORDIC AMERICAN SMOKELESS INC.", FILED IN THIS OFFICE ON THE TWENTY-SECOND DAY OF JANUARY, A.D. 2008, AT 4:35 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

4340991  8100

080069741

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 6328985

DATE: 01-23-08

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:37 PM 01/22/2008
FILED 04:35 PM 01/22/2008
SRV 080069741 – 4340991 FILE

# CERTIFICATE OF AMENDMENT

### to the

## CERTIFICATE OF INCORPORATION

### of

## TABOCA USA INC.

(A Delaware Corporation)

AND NOW, this 22nd day of January, 2008, Taboca USA Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

1.    The amendment to the Corporation's original Certificate of Incorporation set forth in Article 2 below (the "Amendment") has been duly adopted by the Corporation in accordance with Section 242 of Delaware General Corporation Law ("DGCL"), having been approved and adopted by (a) the Corporation's Board of Directors, in accordance with Section 141(f) of the DGCL; and (b) the Corporation's stockholders, in accordance with Section 228 of the DGCL.

2.    Article FIRST of the Corporation's original Certificate of Incorporation shall be and hereby is deleted in its entirety and amended to read in its entirety as follows:

"FIRST:    Name: The name of the Corporation is Nordic American Smokeless Inc. (the Corporation")."

MEI 7058238v 1

3.      Except as specifically set forth herein, the Corporation's original Certificate of Incorporation shall remain unchanged and in full force and effect.

4.      This Certificate of Amendment shall become effective when filed.

*[Signature lines appear on the following page]*

2

IN WITNESS WHEREOF, the Corporation has caused this Certificate of Amendment to the Certificate of Incorporation to be executed as of the day and year first above written.

TABOCA USA INC.

By: _____

Darren M. Quinn, President and CEO

*[Signature Page – Certificate of Amendment to the Certificate of Incorporation]*

3

# EXHIBIT B

Taboca USA Inc. Announces Corporate Name Change | Reuters

Page 1 of 2



LATEST NEWS ◄► GE S █



**Reuters Oddly Enough**
Strange-but-true stories from around the world.
Subscribe

**Broker Center** sponsored links


FREE $50,000
¥ € $ - Learn. Practice. Trade.


Learn to Trade with a FREE Guide.


$0 Stock Tra
zecco.c
$0 stock trades. 10 free per

You are here:  Home > News > Article

# Taboca USA Inc. Announces Corporate Name Change

Thu Jan 31, 2008 9:09am EST

EDITOR'S C



Email |  Print |  Share|  Reprints |  Single Page | Recommend (-)      [-] Text [+]



Taboca USA Inc., a smokeless tobacco company whose quality products are based on the Swedish smokeless manufacturing process (snus), announced today that it has changed its corporate name to Nordic American Smokeless Inc.



DANBURY, Conn., Jan. 31 /PRNewswire/ -- Taboca USA Inc., a smokeless tobacco company whose quality products are based on the Swedish smokeless manufacturing process (snus), announced today that it has changed its corporate name to Nordic American Smokeless Inc.



Darren Quinn, President and CEO said, "The name change more closely reflects our Company's core strength in manufacturing smokeless tobacco products based on Swedish snus technology combined with our expertise in marketing smokeless tobacco products to adult American consumers." Quinn also indicated that Nordic American Smokeless Inc. is on track to launch its flagship products early this year.

Nordic American Smokeless Inc. is headquartered in Danbury, CT. The Company is an affiliate of the Norwegian snus company Taboca A/S, headquartered in Oslo, Norway.

This press release was issued through 24-7PressRelease.com. For further information, visit here.

SOURCE  Nordic American Smokeless Inc.

Bill Eder, Media Relations of Nordic American Smokeless Inc., +1-203-546-3484, fax, +1-203-791-3801, beder@nordicamerican.com

© Reuters 2008 All rights reserved

SHARE:    Del.icio.us    Digg    Mixx    My Web    Facebook    Newsvine

MOST POP|

| Articles |

1. **Japa
    gua**
2. Clinto
    miso
3. Obam
4. Obam
5. Masse
6. GE sh
    tumbl
7. McCa
    searc
8. Chine
    Olym
9. GE wo
10. Parke
    Peop

Most Po

## GLOBAL MARKETS NEWS

UPDATE 2-UBS doubles loans for clients with auction rate
U.S.-based Mosaic mulling a listing in Toronto
WaMu sees $140-180 mln restructuring charge
Senate insists on disaster aid in new US farm law
More Global Markets News...

# EXHIBIT C

# STRIKE IT RICH!™

Introducing KLONDIKE™, the New Smokeless Tobacco brand made with the Swedish Snus Process.

This unique process produces a rich, moist tobacco that will give your consumers the high quality flavor and taste they are used to, now at an affordable price. KLONDIKE™ is set to be your new gold standard with its complete line of distinct styles and flavors.

Increase your bottom line and give your customers what they want with:

- **3 brand styles each with 3 flavors:**

  1. **Fine Cut** in Original Wintergreen,

     Peppermint Blast and Straight

  2. **Long Cut** in Original Wintergreen,

     Peppermint Blast and Straight

- **Unique Swedish Snus pasteurization process.**

- **Tobacco stays fresh longer.**

- **Moist and Flavorful Tobacco at an affordable price.**

- **Unique. Rich. Bold. The KLONDIKE™ brand is like nothing else.**

Be sure to look for KLONDIKE™ at the Nordic American Smokeless Inc. booth #344 at the Tobacco Plus Expo 08 in Las Vegas, NV on April 24th-25th and find out more on how you can ... Strike It Rich™ with KLONDIKE™ Smokeless Tobacco products.

For ordering information or sales force information, contact us at info@nordicamerican.com or call us at 203-207-9974




**POUCHES**


**FINE CUT**


**LONG CUT**

*Klondike, Strike It Rich and Nordic American Smokeless are Trademarks of Nordic American Smokeless Inc.*
©2008 Nordic American Smokeless Inc. All rights reserved.

# EXHIBIT D

# BREAK THE ICE!™

A SWEDISH TRADITION™

## NORDIC ICE®
### THE AUTHENTIC SNUS™

ORIGINAL
**WINTERGREEN**
24 PREMIUM PACKS

**Introducing**
**Nordic Ice The Authentic Snus™ Premium Packs, made with the unique Swedish Snus Process™.**

Nordic Ice The Authentic Snus, is the discreet premium tobacco pouch alternative for adult smokers for times and in places where they cannot smoke.

Nordic Ice The Authentic Snus will be available in a fully-printed all metal can with a clear seal strip to maintain freshness, and will be in three flavors with 24 premium packs to a can:

Original Wintergreen       Frosted Mint       Wild Cherry

Nordic Ice The Authentic Snus does not need to be kept refrigerated.

Be sure to look for NORDIC ICE THE AUTHENTIC SNUS™ at the Nordic American Smokeless Inc. booth #344 at the Tobacco Plus Expo 08 in Las Vegas, NV, on April 24th-25th, and find out how you can...Break the Ice!™

For ordering or sales force information, contact us at info@nordicamerican.com or fax us at 203-207-9974

Nordic Ice, Nordic Ice The Authentic Snus, Break the Ice!, A Swedish Tradition, the package Ice Design, and Nordic American Smokeless are trademarks of Nordic American Smokeless Inc. © 2008 Nordic American Smokeless Inc. All rights reserved

# EXHIBIT E

Latest Status Info                                                           Page 1 of 3

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on 2008-04-15 12:19:31 ET**

**Serial Number:** 77183018 <u>Assignment Information</u>          <u>Trademark Document Retrieval</u>

**Registration Number:** (NOT AVAILABLE)

**Mark**

# KLONDIKE

**(words only):** KLONDIKE

**Standard Character claim:** Yes

**Current Status:** Opposition period completed, a Notice of Allowance has been issued.

**Date of Status:** 2008-01-29

**Filing Date:** 2007-05-16

**Filed as TEAS Plus Application:** Yes

**Currently TEAS Plus Application:** Yes

**The Notice of Allowance Date is:** 2008-01-29

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 106

**Attorney Assigned:**
GUTTADAURO JULIE MARIE

**Current Location:** 700 -Intent To Use Section

**Date In Location:** 2008-01-29

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

---

1. NORDIC AMERICAN SMOKELESS INC.

**Address:**
NORDIC AMERICAN SMOKELESS INC.
100 MILL PLAIN ROAD
DANBURY, CT 06811
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

## GOODS AND/OR SERVICES

**International Class:** 034
**Class Status:** Active
Chewing tobacco; Smokeless tobacco
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

---

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval"
shown near the top of this page.**

2008-02-06 - Automatic Update Of Assignment Of Ownership

2008-01-29 - Notice of allowance - mailed

2007-11-06 - Published for opposition

2007-10-17 - Notice of publication

2007-10-03 - Law Office Publication Review Completed

2007-10-03 - Assigned To LIE

2007-09-04 - Approved for Pub - Principal Register (Initial exam)

2007-08-28 - Assigned To Examiner

2007-05-21 - New Application Entered In Tram

---

## ATTORNEY/CORRESPONDENT INFORMATION

Latest Status Info

**Attorney of Record**
Mark D. Giarratana, Esq.

**Correspondent**
MARK D. GIARRATANA, ESQ.
MCCARTER & ENGLISH, LLP
185 ASYLUM ST FL 36
HARTFORD, CT 06103-3495
Phone Number: 860-275-6700
Fax Number: 860-724-3397

---

# EXHIBIT F

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2008-04-15 12:19:56 ET

Serial Number: 77182998 Assignment Information    Trademark Document Retrieval

Registration Number: (NOT AVAILABLE)

Mark

# NORDIC ICE

(words only): NORDIC ICE

Standard Character claim: Yes

Current Status: Opposition period completed, a Notice of Allowance has been issued.

Date of Status: 2008-01-29

Filing Date: 2007-05-16

Filed as TEAS Plus Application: Yes

Currently TEAS Plus Application: Yes

The Notice of Allowance Date is: 2008-01-29

Transformed into a National Application: No

Registration Date: (DATE NOT AVAILABLE)

Register: Principal

Law Office Assigned: LAW OFFICE 106

Attorney Assigned:
GUTTADAURO JULIE MARIE

Current Location: 700 -Intent To Use Section

Date In Location: 2008-01-29

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. NORDIC AMERICAN SMOKELESS INC.

**Address:**
NORDIC AMERICAN SMOKELESS INC.
100 MILL PLAIN ROAD
DANBURY, CT 06811
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

## GOODS AND/OR SERVICES

---

**International Class:** 034
**Class Status:** Active
Chewing tobacco; Smokeless tobacco
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

---

## ADDITIONAL INFORMATION

---

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

---

**USPTO Reference Number:** A0011934
**International Registration Number:** (NOT AVAILABLE)
**International Registration Date:** (DATE NOT AVAILABLE)
**Original Filing Date with USPTO:** 2008-04-01
**International Registration Status:** Application For Intl Registration Automatically Certified
**Date of International Registration Status:** 2008-04-01
**International Registration Renewal Date:** (DATE NOT AVAILABLE)
**Irregularity Reply by Date:** (DATE NOT AVAILABLE)

**Madrid History:**
04-01-2008 - 21:01:15 - IR Certified And Sent To IB
04-01-2008 - 16:21:58 - New Application For IR Received
04-01-2008 - 16:21:58 - Automatically Certified

---

## PROSECUTION HISTORY

---

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval"
shown near the top of this page.**

2008-02-06 - Automatic Update Of Assignment Of Ownership

2008-01-29 - Notice of allowance - mailed

2007-11-06 - Published for opposition

2007-10-17 - Notice of publication

Latest Status Info

2007-10-03 - Law Office Publication Review Completed

2007-10-03 - Assigned To LIE

2007-09-04 - Approved for Pub - Principal Register (Initial exam)

2007-08-28 - Assigned To Examiner

2007-05-21 - New Application Entered In Tram

---

## ATTORNEY/CORRESPONDENT INFORMATION

---

**Attorney of Record**
Mark D. Giarratana, Esq.

**Correspondent**
MARK D. GIARRATANA, ESQ.
MCCARTER & ENGLISH, LLP
185 ASYLUM ST FL 36
HARTFORD, CT 06103-3495
Phone Number: 860-275-6700
Fax Number: 860-724-3397

---

# EXHIBIT G

Latest Status Info

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2008-04-15 12:19:07 ET

**Serial Number:** 77183009 <u>Assignment Information</u>      <u>Trademark Document Retrieval</u>

**Registration Number:** (NOT AVAILABLE)

**Mark**

# BONANZA

**(words only):** BONANZA

**Standard Character claim:** Yes

**Current Status:** Opposition period completed, a Notice of Allowance has been issued.

**Date of Status:** 2008-01-29

**Filing Date:** 2007-05-16

**Filed as TEAS Plus Application:** Yes

**Currently TEAS Plus Application:** Yes

**The Notice of Allowance Date is:** 2008-01-29

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 106

**Attorney Assigned:**
GUTTADAURO JULIE MARIE

**Current Location:** 700 -Intent To Use Section

**Date In Location:** 2008-01-29

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. NORDIC AMERICAN SMOKELESS INC.

**Address:**
NORDIC AMERICAN SMOKELESS INC.
100 MILL PLAIN ROAD
DANBURY, CT 06811
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 034
**Class Status:** Active
Chewing tobacco; Smokeless tobacco
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-02-06 - Automatic Update Of Assignment Of Ownership

2008-01-29 - Notice of allowance - mailed

2007-11-06 - Published for opposition

2007-10-17 - Notice of publication

2007-10-03 - Law Office Publication Review Completed

2007-10-03 - Assigned To LIE

2007-09-04 - Approved for Pub - Principal Register (Initial exam)

2007-08-28 - Assigned To Examiner

2007-05-21 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Mark D. Giarratana, Esq.

**Correspondent**
MARK D. GIARRATANA, ESQ.
MCCARTER & ENGLISH, LLP
185 ASYLUM ST FL 36
HARTFORD, CT 06103-3495
Phone Number: 860-275-6700
Fax Number: 860-724-3397

# EXHIBIT H

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2008-04-15 12:19:44 ET

Serial Number: 77182992 Assignment Information        Trademark Document Retrieval

Registration Number: (NOT AVAILABLE)

Mark

# FREEBIRD

(words only): FREEBIRD

Standard Character claim: Yes

Current Status: Opposition period completed, a Notice of Allowance has been issued.

Date of Status: 2008-01-29

Filing Date: 2007-05-16

Filed as TEAS Plus Application: Yes

Currently TEAS Plus Application: Yes

The Notice of Allowance Date is: 2008-01-29

Transformed into a National Application: No

Registration Date: (DATE NOT AVAILABLE)

Register: Principal

Law Office Assigned: LAW OFFICE 106

Attorney Assigned:
GUTTADAURO JULIE MARIE

Current Location: 700 -Intent To Use Section

Date In Location: 2008-01-29

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. NORDIC AMERICAN SMOKELESS INC.

**Address:**
NORDIC AMERICAN SMOKELESS INC.
100 MILL PLAIN ROAD
DANBURY, CT 06811
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

## GOODS AND/OR SERVICES

**International Class:** 034
**Class Status:** Active
Chewing tobacco; Smokeless tobacco
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

---

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-02-06 - Automatic Update Of Assignment Of Ownership

2008-01-29 - Notice of allowance - mailed

2007-11-06 - Published for opposition

2007-10-17 - Notice of publication

2007-10-03 - Law Office Publication Review Completed

2007-10-03 - Assigned To LIE

2007-09-04 - Approved for Pub - Principal Register (Initial exam)

2007-08-28 - Assigned To Examiner

2007-05-22 - Notice Of Pseudo Mark Mailed

2007-05-21 - New Application Entered In Tram

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Mark D. Giarratana, Esq.

**Correspondent**
MARK D. GIARRATANA, ESQ.
MCCARTER & ENGLISH, LLP
185 ASYLUM ST FL 36
HARTFORD, CT 06103-3495
Phone Number: 860-275-6700
Fax Number: 860-724-3397

# EXHIBIT I

Latest Status Info                                                        Page 1 of 3

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on 2008-04-15 12:20:08 ET**

**Serial Number:** 77183002 <u>Assignment Information</u>        <u>Trademark Document Retrieval</u>

**Registration Number:** (NOT AVAILABLE)

**Mark**

# NORDIC SNUS

**(words only):** NORDIC SNUS

**Standard Character claim:** Yes

**Current Status:** Abandoned-Failure To Respond Or Late Response

**Date of Status:** 2008-04-03

**Filing Date:** 2007-05-16

**Filed as TEAS Plus Application:** Yes

**Currently TEAS Plus Application:** No

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 106

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** L6X -TMEG Law Office 106 - Examining Attorney Assigned

**Date In Location:** 2008-04-03

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

1. NORDIC AMERICAN SMOKELESS INC.

**Address:**
NORDIC AMERICAN SMOKELESS INC.

Latest Status Info

100 MILL PLAIN ROAD
DANBURY, CT 06811
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

## GOODS AND/OR SERVICES

---

**International Class:** 034
**Class Status:** Partially Paid
Chewing tobacco; Smokeless tobacco
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

---

## ADDITIONAL INFORMATION

---

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

---

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

---

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval"
shown near the top of this page.**

2008-04-03 - Abandonment Notice Mailed - Failure To Respond

2008-04-03 - Abandonment - Failure To Respond Or Late Response

2008-02-06 - Automatic Update Of Assignment Of Ownership

2007-09-05 - Notification Of Non-Final Action E-Mailed

2007-09-05 - Non-final action e-mailed

2007-09-05 - Non-Final Action Written

2007-09-05 - Removed From TEAS Plus

2007-09-05 - Restore To TEAS Plus

2007-09-05 - Removed From TEAS Plus

2007-08-28 - Assigned To Examiner

2007-05-21 - New Application Entered In Tram

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Mark D. Giarratana, Esq.

**Correspondent**
MARK D. GIARRATANA, ESQ.
MCCARTER & ENGLISH, LLP
185 ASYLUM ST FL 36
HARTFORD, CT 06103-3495
Phone Number: 860-275-6700
Fax Number: 860-724-3397

## <u>CERTIFICATE OF SERVICE</u>

     I, Andrew S. Dupre, attorney for Nordic American Smokeless, Inc., hereby certify that on April 15, 2008, a true and correct copy of the foregoing **MEMORANUM IN SUPPORT OF DEFENDANT NORDIC AMERICAN SMOKELESS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERANTIVELY, MOTION FOR SUMMARY JUDGMENT** was served electronic mail upon all counsel of record.

<u>/s/ Andrew S. Dupre</u>
Andrew S. Dupre (ID No. 4621)

Date:  4/15/08

ME1 7292531v.2